UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVANGELINE G. CANDAZA,<br><br>Plaintiff(s),<br><br>v.<br><br>SUTHERLAND GLOBAL SERVICES, et al.,<br><br>Defendant(s). | Case No.: 2:19-cv-2152-JAD-NJK<br><br>**ORDER**<br><br>(Docket No. 1) |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint. Docket No. 1-1.

**II.**    **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

1

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. When the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that Defendants demoted her on April 8, 2019. Docket No. 1-1 at 8. Plaintiff alleges that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). *Id.* at 3. Plaintiff also alleges that Defendants retaliated against her in violation of Title VII. *Id.* The Court will address each claim in turn.

**1. Discrimination**

  **a. Title VII**

Plaintiff alleges that Defendants discriminated against her in violation of Title VII based on her race and national origin. *Id.* at 3–4. To state a claim for Title VII discrimination, a plaintiff

must allege that (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) comparable employees not in her protected class were treated more favorably. *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

Plaintiff alleges that she is Asian and from the Philippines. Docket No. 1-1 at 4. Thus, she satisfies the first element of the above test. *Cf. Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1561 n.16 (9th Cir. 1994), *as amended* (Nov. 21, 1994), *as amended* (Dec. 14, 1994). However, Plaintiff fails to sufficiently allege that she performed her job satisfactorily or that comparable employees not in her protected class were treated more favorably. Although she alleges that she "was one of the top performers in Sales, Metrics, [and] PPC," she notes that she failed to get her licenses in four states. Docket No. 1-1 at 7. Plaintiff's allegations leave unclear whether that failure was unsatisfactory in Defendants' eyes. Plaintiff also fails to allege that comparable employees not in her protected class were treated more favorably. Thus, Plaintiff fails to state a claim for Title VII discrimination.

### b. ADEA

Plaintiff alleges that Defendants discriminated against her in violation of the ADEA based on her age. Docket No. 1-1 at 3–4. To state a claim for ADEA discrimination, a plaintiff must allege that she was (1) at least forty years old; (2) performing her job satisfactorily; (3) discharged; and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012).

Plaintiff alleges that she was at least forty years old. Docket No. 1-1 at 4. However, she fails to allege that she was discharged or that the circumstances otherwise give rise to an inference of age discrimination and, if so, why. In fact, Plaintiff fails to discuss age discrimination at all in the substance of her allegations. Plaintiff's ADEA claim also suffers from, as noted above, a failure to make clear whether she was performing her job satisfactorily. Thus, Plaintiff fails to state a claim for ADEA discrimination.

//

**c. ADA**

Plaintiff alleges that Defendants discriminated against her in violation of the ADA based on her disability. Docket No. 1-1 at 3, 4, 8. To state a claim for ADA discrimination, a plaintiff must allege that (1) she is disabled under the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Plaintiff alleges only that she "[h]ad FMLA intermittent and continuous" and that she was demoted a week after sending her manager an email stating she would "be refiling [her] FMLA that expired in October 2018 due to [her] medical appointments coming up." Docket No. 1-1 at 4, 8. Those allegations address none of the elements of the above test. Thus, Plaintiff fails to state a claim for ADA discrimination.

**2. Retaliation Under Title VII**

Plaintiff alleges that Defendants retaliated against her in violation of Title VII based on her alleged report and complaint of discrimination. Docket No. 1-1 at 3, 7. To state a claim for Title VII, a plaintiff must allege that (1) she engaged in an activity protected under Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).

Plaintiff's alleged report and complaint of discrimination to her manager are protected activities under Title VII, and Plaintiff's allegation that she was demoted qualifies as adverse employment action. *See Ray*, 217 F.3d at 1241, 1243. However, Plaintiff fails to allege any causal link between her report and complaint and her eventual demotion. Thus, Plaintiff fails to state a claim for Title VII retaliation.

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted

to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint, Docket No. 1-1, on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 24, 2020**, to file an amended complaint, if she can cure the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 27, 2020

_____
Nancy J. Koppe
United States Magistrate Judge